FILED
 2006 Dec-01  AM 11:42
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**EUGENE KENDRICK and MARY KENDRICK,**

    **Plaintiffs,**

**v.**

**WESLEY WALLER,**

    **Defendant.**

**Case No.: 2:06-CV-1513-RDP**

## MEMORANDUM OPINION

The court has before it Plaintiffs Eugene Kendrick and Mary Kendrick's Motion to Transfer Venue under 28 U.S.C. § 1406(a) (Doc. # 8) filed November 22, 2006. Defendant Wesley Waller has indicated, through counsel, that he does not intend to oppose this motion to transfer.

As a threshold matter, the court must consider if the case was brought in an improper venue. 28 U.S.C. § 1406(a). By filing this motion, Plaintiffs' have admitted that the Northern District of Alabama is an improper venue for this case. Second, the court must determine if the case "could have been brought" in the transferee court. *Id.* Since the undisputed facts indicate that the events underlying this action occurred in Loudon County, Tennessee, and that Plaintiffs are residents of Alabama while Defendant is a resident of Tennessee, this action could have been brought in the District Court for the Eastern District of Tennessee. (Doc. # 6 ¶¶ 2–3; Doc. # 8 ¶ 1). Finally, the court must ask whether the "interest of justice" militates in favor of transferring this action to the transferee court or dismissing the action. 28 U.S.C. § 1406(a).

Notwithstanding Plaintiffs' admission of improper venue, this court has the discretion, "if it be within the interest of justice," to transfer the case to "any district or division in which it could

have been brought." 28 U.S.C. § 1406(a).  The Supreme Court has stated that the "interest of justice" factor requires a district court to weigh "those public-interest factors of systematic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).  This case has little or no contacts with the state of Alabama.  All of the facts surrounding this case, including the events underlying this suit, the location of the evidence, the location of Defendant, and the location of the any potential witnesses, point to Tennessee, not Alabama, as a proper forum.  The burden on this court's docket of entertaining a case outside its state of origin, with little or no connection to the forum state, is significant.  Conversely, because this case involves residents of Tennessee and events which allegedly took place in Tennessee, Tennessee *does have* a significant interest in having this case decided by a court within its borders.  Furthermore, the court finds that dismissal would not be "in the interest of justice" as fairness requires allowing a Tennessee court to decide any further issues in the case, including any dispositive motion.[1]

The Middle District of Alabama's reasoning in *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496 (M.D. Ala.1994), a case in which Defendant challenged venue under 28 U.S.C. § 1404(a) (*forum non conveniens*), is equally applicable to this case.  "Alabama has absolutely no connection to this case except that the Plaintiff[s] live[] here.  Because . . . the cause of action springs exclusively from activity which occurred in  [Tennessee], and outside of this district, the interests of justice dictate that this action is due to be transferred." *Johnston*, 158 F.R.D. at 503. The interest of justice supports transfer of this suit to the Eastern District of Tennessee.

---

[1] The court is aware that Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction on November 16, 2006.  (Doc. # 6).  The court concludes it is appropriate for the transferee court to resolve this motion, as well as any accompanying issues raised by the parties, and therefore will not address these matters in this order.

Accordingly, the court finds that the balance of factors weighs in favor of transfer to the Eastern District of Tennessee, where the case could have been filed originally. The court will enter a separate order in accordance with this opinion.

**DONE** and **ORDERED** this <u>    1st    </u> day of December, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE